

Our jurisdiction not having been invoked, this Court is without authority to issue a writ of mandamus. Apparently relator would have this Court pass upon the trial judge's denial of his plea of former conviction prior to trial, conviction or notice of appeal.

Even where authority exists a mandamus will not lie where the duty is clearly discretionary. It is an extraordinary writ and is not normally available where there are other adequate remedies. It is not a substitute for and cannot be used to perform the office of an appeal. See 37 Tex.Jur.2d, Mandamus, Secs. 12, 13, 14, 18, 19.

Being without authority to entertain such writ under the circumstances presented and to order the dismissal of the second indictment, the application for writ of mandamus must be dismissed.

It is so ordered.

Percy Foreman, Quinnan Hodges, Houston, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

On June 20, 1970, there was presented to this Court a habeas corpus application contending, among other things, that the relator, who had been indicted for murder, was being held without bail by order of the trial court after his retained counsel failed to appear at a setting of the case due to

---

## Ex parte A. H. BURKHALTER.

### No. 43167.

Court of Criminal Appeals of Texas.

Oct. 14, 1970.

ishments if he had been convicted in a single trial of robbing the six victims. It is simply whether after a jury determined by its verdict that the petitioner was not one of the robbers, the State could constitutionally hale him before a new jury to litigate that issue again." For decisions involving the question of former convictions which construe Ashe v. Swenson narrowly and find it inapplicable, see Pulley v. Norvell (6th Cir.) 431 F.2d 258, 7 Cr.L.R. 1085; United States ex rel. Brown v. Hendrick (3rd Cir.) 431 F.2d 436.

In Duckett v. State, Tex.Cr.App., 454 S.W.2d 755, Ashe v. Swenson was cited merely as an example of the retroactive application of Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (which declared the double jeopardy provisions of the Fifth Amendment binding on the states). Duckett also noted the holding of Ashe as to the incorporation of the doctrine of collateral estoppel into the Constitution. It was not cited as authority for the decision eventually reached in Duckett.

illness. The application further pointed out that at the time of such action the relator was on bond, the court previously having determined that the case was a bailable one.

After consideration, the application was denied as to all matters other than whether appellant was entitled to bail and whether the trial court was authorized to revoke bail.

For the purpose of determining these matters the writ of habeas corpus was made returnable to the 185th Judicial District Court of Harris County, Texas, and said court ordered to conduct a hearing to determine all issues with regard to bail raised by the habeas corpus application presented to this Court. Bail was fixed by this Court at the sum of $100,000.00 pending the final disposition of this habeas corpus proceeding.

It now having been made to appear that the relator's trial on the murder indictment has been concluded with the jury assessing the punishment at life imprisonment, the questions presented are now moot and the application for habeas corpus is dismissed.

It is so ordered.

**Walter Leonard GATES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43082.**

Court of Criminal Appeals of Texas.

Sept. 4, 1970.

Rehearing Denied Oct. 28, 1970.

Dalton Gandy, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., Truman Power, Ronald W. Quillin, George McManus, and Roger W. Crampton, Asst. District Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.